IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN CHRISTIAN ALEXANDER,

    Plaintiff,

v.                                              Case No. 2:18-cv-01516

JESSICA THORNHILL and KADEE DAMRON,

    Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

    This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court is Defendants' Motion to Dismiss the Complaint and Alternative Motion for Summary Judgment (ECF No. 46).  For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Thornhill and Damron's undisputed motion and dismiss this civil action from the docket of the court.

*I.    RELEVANT PROCEDURAL HISTORY*

    The only remaining claims before this court are Plaintiff's claims against Jessica Thornhill ("Thornhill") and Kadee Damron ("Damron") grounded in the alleged failure to provide him with medication for Grave's Disease while he was incarcerated at the South Central Regional Jail ("SCRJ").  After being served with process, on November 12, 2021, Thornhill and Damron filed the instant motion to dismiss and alternative motion for

summary judgment. (ECF No. 46). Defendants' motion asserts that Plaintiff failed to properly exhaust the available administrative remedies prior to filing his complaint. (ECF No. 47 at 5-8). Defendants further assert that Plaintiff's medical records, which are attached to their motion, demonstrate that Defendants' treatment of him did not rise to the level of deliberate indifference to a serious medical need. (*Id.* at 8-11).

On November 15, 2021, the undersigned entered an Order and Notice in accordance with the decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that he had a right and obligation to respond to Defendants' motion. (ECF No. 48). Plaintiff has not responded to the motion or in any way disputed Defendants' arguments and evidence.

## II.  UNDISPUTED FACTS

At all relevant times, Defendants were employed by PrimeCare Medical, Inc. ("PrimeCare"), the contracted medical provider at the SCRJ. When Plaintiff was booked into the SCRJ, he reported that he had been diagnosed with Graves' Disease (also known as "hypothyroidism") and that his medications for that condition had been filled at a Wal-Mart pharmacy. However, on July 20, 2018, PrimeCare staff (other than Defendants herein) confirmed that Plaintiff's Tapazole prescription had never been filled by the pharmacy. (ECF No. 46, Ex. B).

On July 25, 2018, Plaintiff was seen by Zachary Holbert ("Holbert"), a Nurse Practitioner who is not a defendant herein, for his fourteen (14) day physical. He again reported that he had been diagnosed with Graves' Disease and had been on Tapazole, but because no current prescription could be verified, Holbert ordered tests for TSH 13 and 14, to confirm that Plaintiff did have hyperthyroidism, and subsequently ordered that he be started on Tapazole three times a day. (*Id.*, Ex. C). Plaintiff's medical administration

2

records for September and October 2018 show that he ultimately began receiving Methimazole, a generic form of Tapazole, on September 15, 2018, and received the medication consistently beginning September 21, 2018, once a full supply of the medication was received. (*Id.*, Ex. D).

Nonetheless, on November 3, 2018, Plaintiff filed an electronic grievance stating that he was not receiving his medications as ordered; however, the grievance did not mention Thornhill, Damron, or any other specific medical staff. Thornhill answered the grievance on November 6, 2018, stating "they were ordered and we have been waiting for the shipment." (*Id.*, Ex. E). As addressed in Thornhill's affidavit, Plaintiff did not appeal the November 6, 2018 grievance response and filed no other grievances concerning the alleged failure to receive his medication. (*Id.*, Ex. A at 2).

### III.   STANDARDS OF REVIEW

#### A.   *Dismissal under Rule 12(b)(6)*

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

    B.    *Summary Judgment under Rule 56*

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim. *Celotex,* 477 U.S. at 322-23. The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

4

Once the moving party demonstrates such a lack of evidence, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements." *Brown v. Showboat Altantic City Propoco, LLC*, No. 08-5145, 2010 WL 5237855, *2 (D.N.J. Dec. 16, 2010) (citing *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Rather, "the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Id.* (citing *Anderson*, 477 U.S. at 256-57). Accordingly, summary judgment will generally be granted unless a reasonable jury could render a verdict for the non-moving party on the evidence presented. *Anderson,* 477 U.S. at 247-48.

A court must not resolve disputed facts or weigh the evidence and may not make determinations of credibility. *Russell v. Microdyne Corp., 65 F.3d* 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.,* 84 F. Supp.2d 751 (N.D.W. Va. 2000).

When confronted with a Rule 12(b)(6) motion, a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Adams Hous., LLC v. The City of Salisbury, Md.*, 672 F. App'x. 220, 222 (4th Cir. 2016) (per curiam). However, when, as here, "the movant expressly captions its motion 'in the alternative' as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court 'does not have an obligation to notify parties of the obvious.'" *Wise v. Henderson*, No. 21-cv-828-LKG, 2022 WL 657567, at *2 (D. Md. Mar. 4, 2022) (quoting *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998)).

Because the court intends to rely on matters outside the four corners of the complaint, it will treat Defendants' motion as one for summary judgment. As noted above, Plaintiff was notified of his obligation to respond to Defendants' motion and was further advised of the type of evidence necessary to properly contest Defendants' evidence and demonstrate a genuine issue of material fact. He wholly failed to do so. Thus, Defendants' motion for summary judgment is undisputed.

### III.   DISCUSSION

*A.   Plaintiff failed to exhaust the available administrative remedies prior to filing his complaint.*

Defendants assert that the claims against them must be dismissed because Plaintiff failed to exhaust the available administrative remedies concerning those claims prior to filing this suit. Defendants' memorandum of law addresses the requirements of the

6

Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and the West Virginia Prison Litigation Reform Act ("WVPLRA"), W. Va. Code § 25-1A-2, both of which mandate that an inmate may not bring a civil action concerning prison conditions, including medical treatment, until the grievance procedures available at the correctional facility have been exhausted. W. Va. Code § 25-1A2(c). (ECF No. 47 at 5-8). The memorandum of law further asserts that the West Virginia statute specifically provides that "an ordinary administrative remedy" as addressed therein includes complaints concerning health care. (*Id.*) (citing W. Va. Code § 25-1A-2(a)).

Defendants have offered an Affidavit of Defendant Thornhill who, during the subject time, served as the Healthcare Administrator for PrimeCare. (ECF No. 10, Ex. A at 1). In that role, Thornhill was responsible for responding to inmate grievances concerning medical care. Currently, Thornhill serves as PrimeCare's Regional Manager and has access to patient records, including grievance documents related to healthcare services. (*Id.*) Thornhill's affidavit confirms that, although Plaintiff filed one grievance in November of 2018 concerning the alleged failure to receive his Graves' Disease medication, to which Thornhill responded stating that the medications had been ordered and they were awaiting a shipment, Plaintiff did not further appeal that grievance response and did not file any other grievances concerning his medication during the operative period. (*Id.* at 2). Defendants emphasize that "administrative remedies are not exhausted until all three steps of the grievance process have been completed." (ECF No. 47 at 7). Plaintiff has not disputed his failure to properly exhaust the available administrative remedies concerning Defendants' conduct.

Thus, the undisputed evidence of record fails to demonstrate that Plaintiff properly exhausted any grievances concerning Defendants' alleged failure to properly administer

7

his Graves' Disease medication. Therefore, the undersigned proposes that the presiding District Judge **FIND** that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law under 42 U.S.C. § 1997e(a) and W. Va. Code § 25-1A-2(c) because Plaintiff failed to properly exhaust available administrative remedies.

> B.  *The complaint fails to state a plausible constitutional claim upon which relief can be granted against Defendants under 42 U.S.C. § 1983.*

Defendants also assert that the undisputed evidence of record fails to demonstrate that Defendants' conduct constituted deliberate indifference to a serious medical need. The vehicle for such a claim is section 1983 of Title 42 of the United States Code, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Because Plaintiff is believed to have been a pre-trial detainee at the time of these events, his claim for inadequate medical treatment arises, if at all, under the due process clause of the Fourteenth Amendment, and not under the Eighth Amendment prohibition

against cruel and unusual punishment, as asserted by Defendants. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992). Nonetheless, the inquiry under both amendments for this type of claim is essentially analogous: whether the defendant exhibited deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997), *overruled on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Thus, courts often rely upon Eighth Amendment precedent when analyzing medical treatment claims by pre-trial detainees. *But see Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (Fourteenth Amendment objective reasonableness standard applies to excessive force claims brought by pre-trial detainees). To date, our appellate court has not extended the holding in *Kingsley* to claims of inadequate medical treatment. *See Mays v. Sprinkle*, 992 F.3d 295, 301 (4th Cir. 2021) ("we said a pretrial-detainee-medical-deliberate-indifference claim required both an objectively serious medical condition and subjective knowledge of the condition and the excessive risk posed from inaction."); *see also Doe 4 ex rel. Lopez v. Shenandoah Valley Juv. Ctr. Comm'n*, 985 F.3d 327, 340 (4th Cir. 2021).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id*. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, 896 F.2d at 851-852.

Because PrimeCare is a contracted medical provider for the State of West Virginia's correctional facilities, the deliberate indifference standard is applicable to the conduct of its employees, who may be considered to be acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1998). The burden of demonstrating deliberate indifference to a serious medical need is very high. It is well-settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer [v. Brennan]*, 511 U.S. [825] 832-35 [(1994)]; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Corr. Ctr. Med. Dept*., 2007 WL 2903673 (W.D. Va., Oct. 3, 2007).

However, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need. *See Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977). In *Webster*, the plaintiff, who had complained numerous times of eye problems and loss of vision, claimed that he was cursorily examined after his initial complaint, but never re-examined despite later complaints. The doctor claimed that he examined Webster several times, but never diagnosed a medical problem with his eye. *Id*. at 1286. Subsequently, a specialist found that Webster's vision had deteriorated to 20/400 and that he suffered from a detached retina and iritis, and that his vision could not be restored. *Id*. The Fourth

10

Circuit found that, even if the doctor had been negligent in failing to properly diagnose or treat him, Webster's allegations did not constitute a cognizable constitutional claim. *See also, Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

After conceding that Plaintiff's medical condition qualifies as a "serious medical need" sufficient to meet the objective prong, Defendants' uncontested motion contends that Plaintiff cannot satisfy the subjective prong of deliberate indifference. As supported by the medical records attached to their motion, Defendants assert that, once it was confirmed that Plaintiff suffered from Graves' Disease, the appropriate medication was ordered, and he started consistently receiving it beginning on September 21, 2018. (ECF No. 46, Exs. C and D; ECF No. 47 at 10-11).

The undisputed evidence of record further demonstrates that Plaintiff was regularly seen by physicians and nurse practitioners at the jail, "who examined him, ordered tests when needed, and adjusted his medications as needed." (ECF No. 47 at 11). They further assert that nurses, such as Damron, "can only administer the medication as ordered by physicians" and that the undisputed evidence of record establishes that he did receive his medication as ordered." (*Id.*)

Despite being fully advised of his obligation to respond to Defendants' motion and to provide evidence supporting his position in the case, Plaintiff has not responded and disputed the evidence presented by Defendants. It is clear from the undisputed evidence produced in support of Defendant's motion that Plaintiff consistently received his Graves' Disease medication, and Plaintiff has failed to demonstrate that either Thornhill or Damron exhibited deliberate indifference to his serious medical need. Based upon the undisputed facts, the undersigned proposes that the presiding District Judge **FIND** that there are no genuine issues of material fact and Thornhill and Damron are entitled to judgment as a matter of law on Plaintiff's claims against them.

### IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Thornhill and Damron's Motion to Dismiss and Alternative Motion for Summary Judgment (ECF No. 46) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and

Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

<u>March 7, 2022</u>

Dwane L. Tinsley
United States Magistrate Judge